UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                          :

LAZIZJON MAMATKULOV,                     :

                                :

                    Plaintiff,          :

                                :            22 Civ. 4131 (JPC)

            -v-                   :

                                :            <u>ORDER</u>

CITY UNIVERSITY OF NEW YORK,      :

                                :

                    Defendant.     :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Plaintiff Lazizjon Mamatkulov, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction.  Plaintiff alleges that he was a student at Hunter College and was expelled from Defendant City University of New York ("CUNY") after his answer on an assignment was similar to that of a classmate.  According to Plaintiff, other students had committed plagiarism on examinations, yet were not expelled.  Plaintiff further maintains that he was not given an opportunity by the school to defend himself or otherwise be heard.  He alleges that this unfair treatment occurred because he is disabled and Muslim.  By Order dated May 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*.  For the reasons below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this Order.

## I.      Background

        Plaintiff commenced this action on May 2022, filing a Complaint that alleges the following facts:

        I as a student was allowed to work together with classmate in group to complete an
        assignment however because my answer was similar to classmate answer CUNY
        wrongfully expelled me without completing my due process right.  6 other students
        who I have fact of also plagerised on exams and on all assignments during Covid-

19 and they were not expelled.  However, in my case I was treated wrongfully expelled.

Dkt. 2 ("Complaint") at 6.[1]  Plaintiff also states, without further elaboration, that he was "wrongfully expelled because [he] is muslim and [is a] disabled person," and that he was "not given a chance to be heard and did not get fair treatment."  *Id.*  Plaintiff brings this suit against CUNY, seeking reinstatement at Hunter College.  *Id.* at 7.

## II.     Standard of Review

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims pled.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "to raise the strongest claims that [they] suggest[]," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (cleaned up).  But the "special solicitude" in *pro se* cases, has its limits: to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially

---

[1] All spelling and punctuation in quoted material is from the original, unless otherwise noted.

plausible if the plaintiff pleads enough factual detail to allow the Court to infer that the defendant is liable for the alleged misconduct. *See id.* at 556-57. In reviewing the Complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible— not merely possible—that the pleader is entitled to relief. *Id.* at 678-79.

### III.    Discussion

#### A.    Disability Discrimination

Plaintiff's allegations that he was expelled because he is disabled could be construed as asserting claims under Title II of the Americans with Disabilities Act ("ADA") and under section 504 of the Rehabilitation Act. Title II of the ADA prohibits a "public entity" from discriminating against a "'qualified individual with a disability' on account of that individual's disability." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12131). To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (cleaned up).

Section 504 of the Rehabilitation Act, which also prohibits disability discrimination, imposes requirements nearly identical to those in Title II of the ADA. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). To state a claim under the Rehabilitation Act, a plaintiff must allege that he "(1) is a 'handicapped person' as defined by the [Rehabilitation Act]; (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from

such participation solely by reason of h[is] handicap; and (4) was denied participation in a program that receives federal funds." *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001) ("[A] showing of discriminatory animus or ill will based on disability is necessary to recover damages under Title II in a private action against a state.").

Plaintiff alleges that he was wrongfully expelled because he is a "disabled person." Complaint at 6.  For purposes of the ADA, the term "disability" must be construed broadly in favor of expansive coverage.[2]  *See Woolf v. Strada*, 949 F.3d 89, 94 (2d Cir. 2020) (explaining that "the 'definition of disability shall be construed in favor of broad coverage of individuals'" (quoting 42 U.S.C. § 12102(4)(A) (alterations omitted)).  Plaintiff's allegation that he "is a disabled person" under the ADA is insufficient, however, because it is a legal conclusion rather than a factual allegation about what physical or mental impairment limits his life activities.

Moreover, Plaintiff's allegation that he was "wrongfully expelled" for plagiarism because he "is disabled" is also insufficient.  Complaint at 6.  He does not plead any facts that could give rise to an inference that his expulsion was motivated by his unidentified disability rather than by the school's determination that he committed plagiarism on an assignment.  Plaintiff thus fails to state a claim on which relief can be granted under either the ADA or the Rehabilitation Act.

---

[2] The term disability under the ADA includes having a "physical or mental impairment that substantially limits one or more of the major life activities," 28 C.F.R. § 35.108(a)(1)(i), having a "record of such impairment," *id.* § 35.108(a)(1)(ii), or "[b]eing regarded as having such an impairment," *id.* § 35.108(a)(1)(iii).

If Plaintiff amends the Complaint to replead his claims for disability discrimination, he must plead facts showing that he has a disability and facts giving rise to an inference that his expulsion was because of that disability.

**B.  Equal Protection Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated "a right secured by the Constitution and laws of the United States."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Plaintiff asserts that he was expelled from CUNY for plagiarism because he is Muslim and disabled.  These allegations can be construed as a claim under section 1983 that CUNY, a state actor, violated his constitutional right to equal protection.

"The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.'"  *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).  A claim under the Equal Protection Clause will succeed when "a plaintiff proves that: (1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad-faith intent to injure a person."  *Id.*; *see also Cleburne Living Ctr.*, 473 U.S. at 446 (holding that government decisions that draw distinctions based on disability "must be rationally related to a legitimate governmental purpose").  A bare allegation of discriminatory animus is not enough to render an equal protection claim plausible.  *See Iqbal*, 556 U.S. at 678.

Plaintiff has not pleaded facts supporting a section 1983 claim for religious or disability discrimination against the university.  Even if he had pleaded such facts, however, the Eleventh Amendment bars suit against CUNY under section 1983 in federal court.  CUNY's central

administration and its senior colleges qualify as arms of the State of New York.  *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 (2d Cir. 2004).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (cleaned up).  "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.*  "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting section 1983."  *Al Javier v. Russo*, No. 21 Civ. 7097 (LTS), 2021 WL 4252061, at *5 (S.D.N.Y. Sept. 17, 2021); *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The Eleventh Amendment therefore bars Plaintiff's section 1983 claims for religious and disability discrimination against CUNY.

Notwithstanding the Eleventh Amendment, suits for prospective injunctive relief may proceed in federal court against state officers in their official capacities under the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908).  *See Henrietta D.*, 331 F.3d at 288 (explaining that the Eleventh Amendment does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law); *Harris*, 572 F.3d at 72-73.  Plaintiff seeks injunctive relief here, in the form of reinstatement to Hunter College.  The Court therefore grants Plaintiff leave to amend his complaint to replead his section 1983 claims for religious and disability discrimination.

Plaintiff can replead a section 1983 claim (1) against a CUNY official in an official capacity only for injunctive relief or (2) against an individual from CUNY in an individual capacity for damages if the individual was personally involved in discriminating against Plaintiff based on

his Muslim religion or his disability.  Moreover, to state an equal protection claim, Plaintiff must also plead facts that either directly shows discrimination or that indirectly shows discrimination by giving rise to an inference of purposeful discrimination based on his religion or disability.

## C.    Procedural Due Process

Plaintiff alleges that he was expelled in violation of his right to procedural due process.  In a suit under section 1983 to enforce procedural due process rights, "a court must determine (1) whether a property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest."  *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).  "Due process does not, in all cases, require a hearing before the state *interferes* with a protected interest, so long as some form of hearing is provided before an individual is finally deprived of the property interest."  *Id.* (cleaned up).  But when a plaintiff is deprived of due process because of a government employee's random and unauthorized act, the government cannot predict precisely when the loss will occur, and it would be impossible to provide a meaningful hearing *before* the deprivation of property.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986).  Still, in such cases, the availability of an adequate post-deprivation remedy may preclude any claim that a plaintiff was denied procedural due process.  *See, e.g.*, *Atallah v. N.Y. Coll. of Osteopathic Med.*, 94 F. Supp. 3d 448, 455-57 (E.D.N.Y. 2015), *aff'd*, 643 Fed. Appx. 7 (2d Cir. 2016) (collecting cases holding that Article 78 proceedings provide an adequate post-deprivation remedy to challenge expulsion).

College students have a constitutionally protected property interest in continuing in a program of studies, due to the implied contract under New York law between a college and its students.  *See Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 337 (E.D.N.Y. 2014) (holding that a student at a public university has a property interest based in an implied contract with that university); *Edwards v. Penix*, 388 F. Supp. 3d 135, 141 (N.D.N.Y. 2019) (holding that under New

York law, "an individual has a constitutionally protected interest in her dealings with a state-run college because New York has recognized an implied contract between a public college and its students" (cleaned up)).

A student facing suspension from school for disciplinary reasons is entitled to "oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978) (quoting *Goss v. Lopez*, 419 U.S. 565, 581 (1975)). Here, it appears that Plaintiff was on notice of the charges against him of cheating and plagiarism. He alleges, however, that he was "not given a chance to be heard and . . . did not get fair treatment." Complaint at 6. But Plaintiff does not plead any facts about what actually happened. Instead, the Complaint has a mere conclusory allegation that Plaintiff lacked an opportunity to be heard. If Plaintiff files an amended complaint, to replead his procedural due process claim against a state official, he must plead sufficient facts to suggest that he lacked opportunity "to present his side of the story," *Horowitz*, 435 U.S. at 85; *Goss*, 419 U.S. at 581, before being deprived of his interest in continuing his program at Hunter College.

The Complaint has another issue. To establish the liability of a municipal corporation, including a public college, a plaintiff also "must demonstrate 'a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). At this stage, Plaintiff has not alleged that CUNY had any "policy or custom" that deprived him of his right to constitutional due process, nor does he allege any facts from which an unconstitutional policy or custom could reasonably be inferred.

As discussed above, CUNY enjoys Eleventh Amendment immunity in federal court for claims under section 1983.  *Clissuras*, 359 F.3d at 81.  Still, a section 1983 claim for injunctive relief (including reinstatement) can be brought, under the doctrine set forth in *Ex Parte Young*, against a CUNY official in an official capacity.  If Plaintiff amends his complaint to replead his procedural due process claim against a state official, he must also plead facts showing that a policy or custom of CUNY caused the deprivation of his right to procedural due process.

**D.**     **Leave to Amend**

Plaintiff proceeds here without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011) (citation omitted); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

As discussed above, Plaintiff may be able to allege additional facts to state a valid claim of discrimination or denial of procedural due process.  The Court therefore grants Plaintiff sixty days' leave to amend his Complaint to detail his claims.  As set forth above, claims under section 1983 seeking injunctive relief can proceed, consistent with the Eleventh Amendment, only against a CUNY official in an official capacity, and not against CUNY itself.

First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff

does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.  If Plaintiff has an address for any named defendant, Plaintiff must provide it.  Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief.  That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court who violated his federally protected rights and how, when and where such violations occurred, and why Plaintiff is entitled to relief.  Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[3] "The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any 'John Doe' defendants and amending his complaint to include the identity of any 'John Doe' defendants before the statute of limitations period expires." *Bullock v. Eric Unknown*, No. 21 Civ. 1555 (LLS), 2021 WL 860233, at *2 (S.D.N.Y. Mar. 5, 2021).  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

## IV.     Conclusion

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number No. 22 Civ. 4131 (JPC).  An amended complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Complaint will be dismissed for failure to state a claim upon which relief may be granted, for the reasons discussed above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 1, 2022
          New York, New York

_____
JOHN P. CRONAN
United States District Judge