UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LAZIZJON MAMATKULOV,                                                   :
                                                                       :
                          Plaintiff,                                   :
                                                                       :           22 Civ. 4131 (JPC)
             -v-                                                       :
                                                                       :              ORDER
                                                                       :
CITY UNIVERSITY OF NEW YORK,                                           :
                                                                       :
                          Defendant.                                   :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 1, 2022, the Court *sua sponte* dismissed *pro se* Plaintiff Lazizjon Mamatkulov's Complaint in this case. *Mamatkulov v. City Univ. of N.Y.*, No. 22 Civ. 4131 (JPC), 2022 WL 2392433 (S.D.N.Y. July 1, 2022). The Court assumes familiarity with that Order. Plaintiff filed an Amended Complaint on August 2, 2022. Dkt. 7 ("Am. Compl."). Because that Complaint does not remedy the defects in Plaintiff's original Complaint, the Court dismisses the Amended Complaint.

In its prior Order, the Court construed Plaintiff's original Complaint to bring claims for disability discrimination under Title II of the Americans with Disabilities Act and under section 504 of the Rehabilitation Act, as well as claims for violation of the Equal Protection and Due Process Clauses pursuant to 42 U.S.C. § 1983. *Mamatkulov*, 2022 WL 2392433, at *2-3. Plaintiff's disability discrimination claim was dismissed for failing to plead facts showing "what physical or mental impairment limits his life activities" and for failing to adequately plead facts giving rise to an inference that his expulsion from Defendant City University of New York ("CUNY") was motivated by any disability. *Id.* at *2. Plaintiff's equal protection claim was

dismissed because the Eleventh Amendment bars suit against CUNY in federal court under section 1983. *Id.* at *3. Plaintiff's procedural due process claim was dismissed for failing to plead any facts related to the process leading to his expulsion, for failing to link any due process violation to a municipal policy or custom, and because the Eleventh Amendment barred the claim against CUNY. *Id.* at *4.

Plaintiff's Amended Complaint names CUNY as the sole defendant and alleges, in relevant part, that "Hunter College did not distrubute [sic] my financial aid properly and I was working 60 hours. . . . I was eligible for financial aid and Hunter College did not distribute my financial aid and wrongfully expelled me. They are accusing me of plagerism [sic] and cheating. I have not engaged in any sort of plagerism [sic]. . . . I want to be reinstated back to college." Am. Compl. at 5. Plaintiff also states that his "disability and race as well as nation of origin was violated." *Id.* at 2.

Plaintiff's Amended Complaint has not remedied the flaws in his previous Complaint. To the extent Plaintiff still seeks to bring claims for disability discrimination, he has again failed to plead facts indicating that he was expelled on account of any disability or indicating what that disability might be. To the extent Plaintiff still seeks to bring claims under section 1983 for equal protection violations, those claims remain barred by the Eleventh Amendment as Plaintiff has not added any new defendants to this action. Finally, Plaintiff's Amended Complaint may be construed to bring claims under section 1983 for violations of procedural due process, both with respect to the denial of his financial aid and for his expulsion. But again, the Eleventh Amendment bars these claims against CUNY, and no other defendant is named in this action. Therefore, Plaintiff's Amended Complaint is dismissed.

Plaintiff proceeds here without the benefit of an attorney.  As the Court did when it dismissed Plaintiff's original Complaint, district judges generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011) (citation omitted); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because the Court previously granted Plaintiff leave to amend and Plaintiff did not remedy the defects in his Complaint, the Court denies leave to amend a second time.

For the foregoing reasons, the Amended Complaint is dismissed.  The Clerk of Court is respectfully directed to enter judgment and to close this case.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 1, 2022
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge