```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
LAZIZJON MAMATKULOV,                                               :
                                                                   :
                        Plaintiff,                                 :    22 Civ. 4131 (JPC)
                                                                   :
            -v-                                                    :    ORDER
                                                                   :
CITY UNIVERSITY OF NEW YORK,                                       :
                                                                   :
                        Defendant.                                 :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On December 1, 2022, the Court *sua sponte* dismissed Plaintiff Lazizjon Mamatkulov's Amended Complaint, in which he challenged his expulsion from Hunter College. Dkt. 10. Plaintiff moved for reconsideration the next day, Dkt. 12, and then, on December 18, 2022, moved for his case to be sealed, Dkt. 14. Because Plaintiff has presented no reason for the Court to reconsider its earlier decision, nor has he overcome the presumption in favor of public access to judicial records, both motions are denied.

### I. Motion for Reconsideration

The Court construes Plaintiff's motion for reconsideration, Dkt. 12, as one under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment. Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order denying a motion, the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice.'" *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y.2007)). "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Iowa Pub. Emp. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation marks and citation omitted), *aff'd*, 558 F. App'x 138 (2d Cir. 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has failed to make such a showing. His motion for reconsideration merely reiterates that he "wants to be reinstated" to attend Hunter College, and he requests a hearing on reconsideration, writing that he has "[e]vidence to support [his] allegation," but provides no such evidence. Dkt. 12. More importantly, Plaintiff offers no argument for how such evidence could remedy the fatal errors in his Amended Complaint previously identified by this Court. *See* Dkt. 10; *see also* Dkt. 6 (order identifying flaws in Plaintiff's original Complaint). Because Plaintiff has not made any showing or argument as to why the Court should reconsider its previous dismissal, Plaintiff's motion for reconsideration is denied.

## II.  Motion to Seal

Plaintiff also has requested that his "court records be sealed from online platforms such as casetext, google for confidentiality." Dkt. 14. Plaintiff has previously asked that the Court "remove [his] case from www.casetext.com which is accessible to [the] public" because he is "receiving threats and people are talking about [his] expulsion in social media platform which [he

is] not comfortable with" and because "students [are] making fun of [him] and using [his] expulsion against [him]." Dkt. 8.

Under "the First Amendment and the common law," the public has a "presumption of access to judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quotations omitted). "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 139 (internal quotation marks omitted). The public has a presumption of access to these documents "so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice." *Id*. (internal quotation marks omitted). So in reviewing motions to keep a case or documents under seal, courts "must carefully and skeptically review [the] request[] to insure that there really is an extraordinary circumstance or compelling need" to seal the documents. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In reviewing sealing requests, courts "engage[] in a three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "First, the court determines whether the record at issue is a judicial document . . . to which the presumption of public access attaches." *Id*. (internal quotation marks omitted). If the document counts as a judicial document, the court then "determine[s] the weight of the presumption of access to that document." *Id*. (internal quotation marks omitted). Lastly, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document[] and balance those factors against the weight properly accorded the presumption of access." *Id*.

At step one, Plaintiff's request to seal this case involves judicial documents, including his original Complaint and Amended Complaint. "[P]leadings . . . are Judicial records subject to a presumption of public access." *Bernstein*, 814 F.3d at 140.

3

Turning to step two, Plaintiff here "seeks to shield all case records from the public eye," so "the presumption of public access has extraordinarily substantial weight." *Nago v. Bloomberg L.P.*, No. 19 Civ. 11483 (GBD) (OTW), 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021) (internal quotation marks omitted).  The weight of the presumption of access "is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis*, 952 F.3d at 59 (internal quotation marks omitted).  Because the public can never evaluate a case that remains permanently sealed, "[a] Court may only permit the sealing of an entire case file as a last resort." *Doe v. Berg*, No. 15 Civ. 9787 (RJS), 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) (internal quotation marks omitted).

As to step three, after considering any factors that may counsel against disclosure, the Court finds that the balance of factors weighs against sealing this case.  A party may meet its burden to permanently seal a case, when, for instance, the "sealing is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives." *Id*. (internal quotation marks omitted).  Crediting Plaintiff's allegations, the circumstances he claims, while unfortunate, do not overcome the strong presumption in favor of public access to judicial documents.  Plaintiff does not elaborate as to the nature or degree of the "threa[ts]" he has received, or provide any details of people "making fun of [him] and using [his] expulsion against [him]." Dkt. 8; *see Blackman v. Comm'r of Soc. Sec.*, No. 19 Civ. 3226 (ALC), 2020 U.S. Dist. LEXIS 170416, at *1-2 (S.D.N.Y. Mar. 12, 2020) (denying motion to seal due to "online harassment" because "Plaintiff does not elaborate as to the nature or degree of online harassment, nor does she provide any indication that her predicament" differs from other cases.).  Therefore, the Court denies Plaintiff's motion to seal.

### III.  Conclusion

For the above reasons, the Court denies both Plaintiff's motion for reconsideration and motion to seal.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 12 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 22, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge